UNITED STATES of America, Plaintiff–Appellee,

v.

Todd David NEVILLE, Defendant–Appellant.

No. 91–50512.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1992.

Decided Jan. 14, 1993.

Lohn Lanahan, Asst. Federal Public Defender, San Diego, CA, for defendant-appellant.

Timothy D. Coughlin, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: BROWNING and FARRIS, Circuit Judges, and MacBRIDE,* Senior District Judge.

MacBRIDE, Senior District Judge:

Todd Neville appeals the district court's affirmance of the magistrate's revocation of Neville's term of supervised release and the imposition of a six month sentence of imprisonment under 18 U.S.C. § 3583(e) (Supp.1991). Neville violated the terms of his supervised release before the supervisory period expired. However, Neville argues that the district court lacked jurisdiction to revoke his supervised release and

---

* Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation.

sentence him to prison under § 3583 because the supervisory period had expired by the time the revocation hearing was held. Neville also claims that a magistrate judge does not have jurisdiction to revoke a defendant's term of supervised release upon the defendant's withdrawal of consent to be heard by the magistrate judge.

We affirm the district court's ruling. We find that a court's assumption of jurisdiction under 18 U.S.C. § 3583 is proper to determine whether a defendant not in custody violated the terms of supervised release and remedy the violation by imposing a prison term when an order to show cause is issued during the period of supervised release. We also hold that a defendant's withdrawal of validly given consent to be heard by a magistrate judge at the supervised release revocation hearing stage is without effect.

## I. BACKGROUND

On July 27, 1989, after consenting to be tried by a magistrate judge, Todd Neville pled guilty to possession of a controlled substance in violation of 21 U.S.C. § 844(a) (1988). The magistrate judge sentenced him to four months in custody and one year of supervised release. Neville's year of supervised release was scheduled to end on January 11, 1991. However, Neville violated the conditions of his supervised release before the end of his supervised release term.[1] Neville's probation officer subsequently petitioned for an order to show cause why Neville's supervised release should not be revoked. A warrant for Neville's arrest was issued on January 4, 1991.

On January 14, 1991, three days after his term of supervised release expired, Neville contacted his probation officer and was told about the warrant. Neville appeared in the magistrate judge's court on January 16, 1991. At that proceeding, Neville entered his first objection to the court's jurisdiction arguing that the court no longer had jurisdiction since Neville's year of supervised release had ended on January 11.

The court continued the hearing until January 24, 1991 at which time Neville renewed his objection to jurisdiction. Neville also withdrew his consent to appear before the magistrate judge and requested that his case be heard by the district court.

The magistrate judge ruled that jurisdiction was proper even though the term of supervised release was scheduled to end on January 11 because the warrant "tolled" the statute. After a hearing, the magistrate judge revoked the defendant's supervised release and sentenced Neville to six months imprisonment. Neville appealed the magistrate judge's ruling to the district court.

The district court affirmed the magistrate judge's ruling that the court had jurisdiction to revoke Neville's supervised release and affirmed the six month sentence. The district court record is silent as to the jurisdictional dispute relating to the magistrate's power.

## II. STANDARD OF REVIEW

■ The only issues on appeal are questions of jurisdiction. Jurisdiction is a question of law subject to *de novo* review. *United States v. Visman*, 919 F.2d 1390, 1392 (9th Cir.1990), *cert. denied* — U.S. ——, 112 S.Ct. 442, 116 L.Ed.2d 460 (1991).

## III. DISCUSSION

### A. JURISDICTION AFTER EXPIRATION OF SUPERVISED RELEASE TERM

Neville claims that the magistrate judge erred in ruling that the warrant issued on January 4, 1991 tolled the supervised release revocation statute because there is no "tolling" provision in 18 U.S.C. § 3583 for an individual not in custody for another criminal offense. Neville argues that the absence of an explicit tolling provision is a clear indication of Congress' intent not to extend the court's power beyond the expiration of a supervised release period. In contrast, the government contends that

---

1. Neville appeared before the court three times for violating the terms of supervised release by using illegal drugs. The third time led to the revocation of his release.

Congress' reference to the Federal Rules of Criminal Procedure within the text of § 3583(e) is indicative of Congress' intention to treat supervised release revocation the same as probation revocation. Thus, the government urges this court to import a tolling provision into the supervised release statute.

We recently decided that a term of supervised release is tolled while an individual is in custody for another criminal offense. *United States v. Crane,* 979 F.2d 687 (9th Cir.1992).[2] Our decision in *Crane* was based primarily on the explicit tolling provision found in 18 U.S.C. § 3624(e) (Supp. 1992) for revocation of supervised release for individuals in custody.[3] *Id.* at 691. We also premised our holding in *Crane* on our prior decisions that an explicit tolling provision is not required to toll a term of parole for a defendant in fugitive status. *Id.* Thus, *Crane* is not dispositive in the instant case because Neville was neither in custody nor a fugitive during his term of supervised release. His arguments based solely on § 3583(e) present new issues for this Circuit.

■ "In construing a statute in a case of first impression, we look to the traditional signposts of statutory construction...." *Brock v. Writers Guild of America, West, Inc.,* 762 F.2d 1349, 1353 (9th Cir.1985). We look first to the statutory language. *Church of Scientology of California v. U.S. Dept. of Justice,* 612 F.2d 417, 421 (9th Cir.1979). Second, we turn to the statute's legislative history. *Heckler v. Turner,* 470 U.S. 184, 193–94 (1985). Importantly, the plain meaning rule requires that

"if the language of a statute is clear and there is no ambiguity, then there is no need to 'interpret' the language by resorting to the legislative history or other extrinsic aids." *Church of Scientology of California,* 612 F.2d at 421. This rule also demands, however, that the "statutory language must always be read in its proper context." *McCarthy v. Bronson,* — U.S. —, —, 111 S.Ct. 1737, 1740, 114 L.Ed.2d 194 (1991).

■ The statute of concern, 18 U.S.C. § 3583(e)(3), provides for revocation of supervised release.[4] Section 3583(e)(3) is silent as to whether the power to revoke supervised release terminates at the end of the supervisory period. The statute provides only that the court may ...

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation ...

18 U.S.C. § 3583(e)(3).

Although § 3583 contains no explicit tolling provision, the statute incorporates a tolling provision by reference. Section 3583(e)(3) requires that revocation of supervised release be "pursuant to the provisions of the Federal Rules of Criminal Pro-

---

**2.** In *Crane,* after serving his term in custody, the defendant violated the terms of his supervised release in part by absconding from the court-ordered location of his supervised release. A magistrate judge issued a bench warrant for the defendant's arrest. Three months later, the defendant was arrested on a separate charge of petty theft. The defendant pled guilty to the charge of petty theft and was sentenced to a term of imprisonment. Five months later, the defendant was taken into federal custody pursuant to the first detainer. The defendant admitted to violating the terms of his supervised release and was sentenced by the magistrate judge to an additional year in custody. The district court affirmed the revocation of supervised release and the imposition of an additional sen-

tence. On appeal, the defendant raised two similar issues to those raised by Neville but based the appeal on different statutory provisions.

**3.** 18 U.S.C. § 3624(e) provides that "[a] term of supervised release does not run during any period in which the person is imprisoned, in connection with a conviction for a Federal, State or local crime, unless the imprisonment is for a period of less than thirty consecutive days."

**4.** This section was originally enacted in 1986 as § 3583(e)(4). *See* Pub.L. 99–570, sec. 1006, 100 Stat. 3207, 3207–7 (1986).

cedure that are applicable to probation revocation...." The rule referred to is Federal Rule of Criminal Procedure 32.1.[5] Rule 32.1 describes a defendant's rights when a court is considering revocation of either probation or supervised release.[6] The rule provides in part:

(2) **Revocation Hearing.** The revocation hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction.

Fed.R.Crim.P. 32.1. By making reference in § 3583(e)(3) to the rules governing probation revocation, Congress made clear that it expected a revocation hearing to be held in the event of a violation of a condition of supervised release before supervised release is revoked. The logical inference is that Congress expected some time to pass between the time a supervised release violation is discovered and the time supervised release is actually revoked. Congress must have intended the court's jurisdiction to continue throughout this period.

Moreover, a finding that there is no tolling provision would be contrary to the rest of the statutory scheme. Section 3583(d) states that "[t]he court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision and that the defendant not possess illegal controlled substances." 18 U.S.C. § 3583(d). Congress further provid-

ed that "[t]he court may ... revoke a term of supervised release ... if ... the person violated a condition of supervised release...." 18 U.S.C. § 3583(e)(3). In the instant case, Neville used illegal drugs before his term of supervised release had ended and thus falls into the category of persons whose supervised release may be revoked. Congress made no exception in the statute for persons who, like the defendant, violated supervised release conditions close to the end of a term of supervision. Yet, such persons would be practically exempt from any sanction under the alternative construction urged by the defendant. *Cf. Crane,* 979 F.2d at 691 (18 U.S.C. § 3624(e) tolls supervised release term for fugitive defendants and those in custody). We find nothing in the language of the statute to suggest Congress intended such an absurd result. *See United States v. Alfeche,* 942 F.2d 697, 698–99 (9th Cir.1991) (interpretation that "is consistent with the language of the statute and avoids absurd results" is preferred when "nothing in the language or history" of the statute "suggest[s] Congress intended the absurd results possible under [the other proposed] construction"); *United States v. Missouri Pac. R. Co.,* 278 U.S. 269, 278, 49 S.Ct. 133, 136, 73 L.Ed. 322 (1929).

Importantly, under the defendant's interpretation of § 3583, the only way to sanction a violator of supervised release toward the end of the term would require immediate revocation of supervised release upon

---

**5.** Although Rule 32.1 does not explicitly refer to either § 3583 or the probation revocation statute, 18 U.S.C. § 3565 (1988), it states that the provisions in Rule 32.1 apply to revocation and modification of probation and supervised release. Fed.R.Crim.P. 32.1. Even if we were to perceive some ambiguity in the reference to the Federal Rules of Criminal Procedure, the Senate Judiciary Committee explained the amendment to Rule 32.1 which added the reference to supervised release: "Under the proposed amendment, the provisions of Rule 32.1 that are applicable to probation revocation are made applicable to revocation of a term of supervised release." 131 Cong.Rec. S00000–12 (1988).

**6.** Federal Rule of Criminal Procedure 32.1 provides for numerous safeguards to protect defendants' rights when facing revocation of probation or supervised release. The rule states that if taken into custody, a defendant must be pro-

vided a prompt probable cause hearing at which he has a right to counsel. The rule provides for a revocation hearing at which the evidence against him is disclosed and at which he may present evidence on his own behalf. A defendant facing a revocation hearing

shall be given
   (A) written notice of the alleged violation;
   (B) disclosure of the evidence against the person;
   (C) an opportunity to appear and to present evidence in the person's own behalf;
   (D) the opportunity to question adverse witnesses; and
   (E) notice of the person's right to be represented by counsel.

Fed.R.Crim.P. 32.1(a)(2). The rule also provides for a hearing and the assistance of counsel before a court may modify the terms and conditions of supervised release or probation. *Id.*

being informed of the violation. Yet, due process concerns prevent a court from immediately revoking supervised release without a hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973) (probationer entitled to hearing when probation is revoked). Thus, to meet Constitutional standards, a tolling period is necessary in order to revoke supervised release for a violation that occurs at the end of a term when the defendant is neither in custody nor a fugitive.

Defendant argues further that the power of the court to revoke supervised release cannot extend past the end of the term of supervision because § 3583(e)(2) limits the power of the court to extend the term of supervised release.[7] The issue here, however, is not whether the term of supervised release may be extended past the maximum—it clearly may not be. *See* 18 U.S.C. § 3583(e)(2). The issue is whether the court has power to revoke supervised release based on a violation that occurred within the original supervisory period. The defendant is not being placed under any new restrictions; he is being punished for violating the old ones.[8]

The defendant's comparison between the supervised release and probation statutes to suggest a lack of jurisdiction is also without merit.[9] Neville contrasts § 3583, which governs revocation of supervised release, with 18 U.S.C. § 3565, which governs

revocation of probation.[10] Neville argues that unlike the current probation statute,[11] the absence of an explicit grant of jurisdiction after expiration of the term of supervised release terminates the jurisdiction of the court under § 3583. Neville concludes that under the correct interpretation of § 3583, Congress' silence as to a tolling provision for supervised release indicates Congress' intent to terminate the court's power beyond term expiration.

Neville's argument is contradicted by the uniform interpretation of the old probation statute in the caselaw. Between 1949 and 1986 revocation of probation was governed by 18 U.S.C. § 3653:

> At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title [five years], the court ... may issue a warrant for his arrest for violation of probation occurring during the probation period.
>
> . . . .
>
> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sen-

---

7. 18 U.S.C. § 3583(e)(2) provides:
   The court may ... extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision....

8. Similarly under the probation statute, the probationary term is not "extended" when a revocation hearing cannot be held until after the probationary term has expired: "[t]he power of the court to revoke a sentence of probation ... extends beyond the expiration of the term of probation...." 18 U.S.C. § 3565(c). The probationary period "expir[es]," yet the power of the court "extends." *Id.*

9. Although the defendant in *Crane* made a similar argument comparing 18 U.S.C. § 3565(c) and § 3583(e)(3), the issue was not decided because our decision rested on different grounds. *See Crane,* 979 F.2d at 691.

10. 18 U.S.C. § 3565(c) specifically provides that:
    [t]he power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, *extends beyond the expiration of the term of probation* for any period reasonably necessary for the adjudication of matters arising before its expiration, if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. (emphasis added).

11. This section was formerly 18 U.S.C. § 3565(b). It was redesignated as subsection (c) by Pub.L. 100–690, § 6214(1), 102 Stat. 4361, 4464 (Nov. 18, 1988).

tence which might originally have been imposed.

Former 18 U.S.C. § 3653 [12]. Although this section does not speak explicitly to whether the court's jurisdiction extends past the end of the maximum five-year term of probation provided by 18 U.S.C. § 3651, courts uniformly interpreted this section to mean

> that as long as formal revocation proceedings are commenced (by arrest warrant or otherwise) within the five-year period, probation can be revoked, even if the revocation hearing starts and the actual revocation takes place after the end of the five-year period.

*United States v. Bazzano,* 712 F.2d 826, 835 (3rd Cir.1983) (en banc) (noting that "all the cases support this view"), *cert. denied, Mollica v. United States* 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984). *See also United States v. Strada,* 503 F.2d 1081, 1083 (8th Cir.1974). In *Nicholas v. United States,* 527 F.2d 1160, 1161 (9th Cir.1976), we found

> [t]he district court had jurisdiction to execute the remainder of Nicholas' sentence, even if the five-year probationary period had expired, because a bench warrant had been issued for his arrest within the initial five-year period, and the hearing upon revocation was held within a reasonable time after execution of the warrant.

*See also United States v. Bartholdi,* 453 F.2d 1225 (9th Cir.1972). Clearly, the period of probation and the period within which the court retained jurisdiction to revoke probation were understood to be different.

When Congress revised the statutory provisions regarding probation in 1984 and added the specific "Delayed Revocation" provision that is now 18 U.S.C. § 3565(c), it codified the well-settled principle that the jurisdiction of the court to revoke probation extends beyond the term of probation. Indeed, the effect of adding the "Delayed Revocation" section was not to extend the power of the court to revoke probation, but to reduce it.[13]

Lastly, Neville cites *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990), to support his position that Congress did not provide a tolling statute for violation of supervised release for nonfugitive defendants and those not in custody. However, reliance on *Behnezhad* is misplaced. In *Behnezhad,* the court sought to impose a second period of supervised release after the first term had been revoked and the defendant had been sentenced to custody. The court in *Behnezhad* held that after revocation of supervised release, a second term of supervised release after custody was not authorized by Congress, but that Congress did provide that kind of flexibility in probation. *Id.* at 899. The instant case is factually distinguishable from *Behnezhad* in that Neville's supervised release was revoked only once followed by imposition of a sentence. Thus, flexibility as to imposition of a second term of supervised release is irrelevant to the disposition of this case.

**12.** Repealed by Pub.L. 98–473, § 212(a)(2), 98 Stat. 1987, effective Nov. 1, 1986.

**13.** Under the old statute, 18 U.S.C. § 3653, so long as the warrant or summons issued prior to the five-year maximum term of probation permitted under § 3651, the court retained the power to revoke probation, even if the defendant had received less than five years of probation. Section 3653 required the warrant to be issued "[a]t any time within the probation period, *or* within the maximum probation period permitted by section 3651...." 18 U.S.C. § 3653 (repealed) (emphasis added). In contrast, under the new statute, 18 U.S.C. § 3565(c), the warrant must be issued prior to expiration of the defendant's term of probation. The Senate Report accompanying the "Delayed Revocation" provision highlights this point:

> Section 3565(b) [now 3565(c) ] provides that revocation of probation or imposition of another sentence may occur after the term of probation has expired if a violation of a condition occurred prior to the expiration, if the adjudication occurs within a reasonable period of time, and if a warrant or summons on the basis of an allegation of such a violation was issued prior to the expiration of the term of probation. Thus, *the section more narrowly restricts the time within which probation may be revoked than does current 18 U.S.C. § 3653* which permits revocation at any time within the maximum period of five years regardless of the term initially imposed or the seriousness of the offense.

(emphasis added). Sen.Rep. No. 225, 98th Cong.2d Sess. *reprinted in* 1984 U.S.C.C.A.N. 3182, 3285–86.

To be sure, the presence of explicit "Delayed Revocation" provisions in 18 U.S.C. § 3565(c) and § 3624(e) shows Congress knows how to write such a provision, and the absence of such a provision in an analogous statute may suggest Congress left it out purposefully. But this is just one indicator of legislative intent, and it is contradicted by all the others.[14]

■ We hold a tolling provision is implicit in § 3583 for defendants who are neither in custody nor fugitives. Thus, jurisdiction was proper to revoke Neville's supervised release and sentence him to prison even though his supervisory period had expired by the time the revocation hearing was held.

## B. A DEFENDANT DOES NOT HAVE THE RIGHT TO REVOKE VALIDLY GIVEN CONSENT TO BE HEARD BEFORE A MAGISTRATE JUDGE AT A SUPERVISED RELEASE REVOCATION HEARING

■ The second issue raised on appeal is whether a magistrate judge has authority to revoke supervised release once the defendant has moved to withdraw his consent to proceed before a magistrate judge at the supervised release revocation hearing. Neville does not deny that his consent was valid when initially given. Instead, he argues his withdrawal of consent at the supervised release revocation hearing destroyed the magistrate judge's jurisdiction to preside over his case. We hold that the magistrate judge properly denied Neville's motion to withdraw his consent.

Magistrate judge jurisdiction over misdemeanants is conditioned on consent of the parties. 28 U.S.C. § 636(a) (Supp.1992); *Peretz v. United States,* —— U.S. ——, ——, 111 S.Ct. 2661, 2667, 115 L.Ed.2d 808 (1991). Title 18 U.S.C., § 3401(b) (1988) requires that a defendant's written consent to proceed before a magistrate judge shall specifically waive "sentencing by a judge of the district court."[15] Consent to "sentencing" by a magistrate judge includes consent to be sentenced to a term of supervised release. 18 U.S.C.A. § 3583(a) (Supp. 1992).[16] With such consent, magistrate judges also have jurisdiction to revoke a defendant's supervised release and resentence the defendant to a term of imprisonment if conditions of supervised release are violated. *Crane,* 979 F.2d at 690. However, the statutes are silent as to the circumstances under which consenting misdemeanants may later withdraw validly given consent to be heard by a magistrate judge and reinvoke the right to proceed before an Article III judge.[17]

■ The right to adjudication before an Article III judge is an important constitutional right. *United States v. Mortensen,* 860 F.2d 948, 950 (9th Cir.1988), *cert. denied* 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989); *Pacemaker Diagnostic*

---

14. A bill pending before Congress would add a "Delayed Revocation" section to the supervised release statute. However, consideration of such a bill by Congress provides little guidance on whether jurisdiction extends past the end of the supervisory period under the present statutory scheme. The commentary accompanying the proposed bill explains that "existing statutory law is silent." 137 Cong.Rec. S 7769, 7772 (June 13, 1991) (judiciary committee explanation). Moreover, no matter what the committee explanation is, "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 117, 100 S.Ct. 2051, 2061, 64 L.Ed.2d 766 (1980) (citation omitted).

15. Congress explicitly listed the requirements for valid consent. 18 U.S.C. § 3401(b) requires that before a misdemeanant gives consent to be tried before a magistrate judge, the magistrate judge "shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a judge of the district court...." 18 U.S.C. § 3401(b); *see also* Fed.R.Crim.P. 58(b)(2)(E) and (F). "The magistrate shall not proceed to try the case unless the defendant, after such explanation, files a written consent to be tried before the magistrate that specifically waives trial, judgment, and sentencing by a judge of the district court." 18 U.S.C. § 3401(b).

16. 18 U.S.C. § 3583(a) provides that a term of supervised release after imprisonment for a misdemeanor is a "part of the sentence...."

17. Note that consent clearly may be withdrawn in a civil case under 28 U.S.C. § 636(c)(6) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate under this subsection.").

*Clinic of America, Inc. v. Instromedix, Inc.,* 725 F.2d 537, 541 (9th Cir.), *cert. denied* 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). However, this right, like other fundamental rights, can be waived. *Mortensen,* 860 F.2d at 950; *Pacemaker,* 725 F.2d at 542–43. Although we have previously stated that waiver of a constitutional right, "should not, once uttered, be deemed forever binding," there is no absolute right to withdraw consent once granted. *Mortensen,* 860 F.2d at 950; *see also Carter v. Sea Land Services,* 816 F.2d 1018, 1021 (5th Cir.1987) ("Once a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will.").

Although withdrawal of consent is not an absolute right, we acknowledge that there are situations in which we permit parties to withdraw consent. We have held that a party who consents to trial before a magistrate judge can withdraw that consent after mistrial and before retrial but only if the notice of withdrawal is timely. *Mortensen,* 860 F.2d at 950. We have noted that the timeliness requirement "is not a concept subject to precise quantification. The circumstances of each individual case determine its contours." *Id.*

In addition to timeliness, we consider other factors ruling on a motion to withdraw consent to proceed before a magistrate judge. These factors include whether granting the motion would unduly interfere with or delay the proceedings, *id.,* the burdens and costs to litigants, and whether consent was voluntary and uncoerced. *Pacemaker,* 725 F.2d at 543. Other courts have considered additional factors in civil cases. *See e.g. Fellman v. Fireman's Fund Ins. Co.,* 735 F.2d 55 (2nd Cir.1984) (extraordinary circumstances required); *see also Carter,* 816 F.2d at 1021 (inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether the motion is made in good faith, and whether the interests of justice would be served by holding a party to his consent) (citations omitted).

In the instant case, Neville gave consent to be heard before a magistrate judge with the assistance of counsel. His consent was entirely voluntary. Neville gave no indication of his intent to withdraw consent before he pled guilty. In fact, Neville withdrew his consent to be heard before the magistrate judge after imprisonment, after release, and after violation of supervised release. His appeal is one of extreme untimeliness and borders on being dilatory. Neville presented only one reason to permit appeal of his consent—the jurisdictional argument relating to the tolling provision in the supervised release statute. Neville offered no other grounds for granting his motion.

Moreover, entertaining such tardy motions to withdraw consent wastes judicial resources and is contrary to the interest of justice. Allowing Neville and other parties before a magistrate judge to withdraw consent at will would undermine the role played by magistrate judges in our judicial system. We decline to permit such potential abuse of the system. In *Carter,* the Fifth Circuit cogently stated that there is

nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference. Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome. Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.

*Carter* 816 F.2d at 1020. We agree.

Neville relinquished the opportunity to be heard by an Article III judge, and for these reasons we decline to give that opportunity back to him. We affirm the district court decision.