66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nolberto VASQUEZ, Defendant-Appellant.
 No. 94-50507.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1995.*
Decided Sept. 13, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Nolberto Vasquez appeals the district court's order revoking his supervised release in CR-88-0932-B, bank robbery, imposing an 11 month custodial term, and recommencing his supervised release term in CR-89-1165-B, bail jumping, following his release on the 11 month bank robbery term. He contends that, upon revocation of his supervised release, the district court imposed both a term of incarceration and a term of supervised release, which is prohibited in this Circuit. United States v. Behnezhad, 907 F.2d 896 (9th Cir.1990). See also 18 U.S.C. Secs. 3583(e)(2) and (3).
 
 
 4
 We have jurisdiction under 28 U.S.C. Sec. 1291. We review the legality of a sentence and the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Mullins, 992 F.2d 1472, 1478-79 (9th Cir.), cert. denied, 114 S.Ct. (1993).
 
 
 5
 * Under Behnezhad, "[i]f a district court finds that a person has violated a condition of supervised release, then the court may either revoke the term of supervised release and incarcerate the person, 18 U.S.C. Sec. 3583(e)(3), or the court may take the actions specified in section 3583(e)(2)." 907 F.2d at 898. The court in Behnezhad stated unequivocally that a district court was prohibited from revoking a person's supervised release, ordering a term of incarceration and ordering another term of supervised release. Id.
 
 
 6
 The government contends this case is distinguished from Behnezhad because Vasquez was convicted under two separate indictments and two distinct sentences were imposed. The court ordered 30 months incarceration and three years supervised release for his bank robbery conviction; and 24 months incarceration, after appeal, and three years supervised release for his bail jumping conviction. Cf id. at 897 (defendant convicted and sentenced under one indictment, albeit two counts). The court ordered the two periods of incarceration to run consecutively and the two terms of supervised release to run concurrently. Thus, the government maintains the revocation applies only to his sentence in the bank robbery case and the recommencement of the term of supervised release was ordered completed pursuant to his sentence for bail jumping. We agree.
 
 
 7
 At the time of revocation of supervised release, Vasquez had served both terms of imprisonment and 6 months of his concurrent supervised release terms, with 2 and 1/2 years remaining. Following Vasquez' admitted violation of the terms of his release and, in accordance with Behnezhad and section 3583(e)(3), the district court revoked Vasquez' supervised release in the bank robbery case and imposed 11 months incarceration. Pursuant to section 3624(e), this period of incarceration had the effect of tolling the supervised release period for his bail jumping conviction, with the running of the remaining 2 and 1/2 years to recommence following his release. 18 U.S.C. Sec. 3624(e) (1994). See also United States v. Neville, 985 F.2d 992, 995 (9th Cir.) (term of supervised release is tolled while an individual is in custody for another criminal offense), cert. denied, 113 S.Ct. 2425 (1993).
 
 
 8
 While on supervised release, Vasquez was continuing to serve out the conditions of the two distinct sentences imposed against him. As it happened, the consequences for violating the terms of his supervised release were attributed to his sentence pursuant to the bank robbery conviction. This had no effect on the requirements of his bail jumping sentence. The fact that the periods of supervised release were initially ordered to run concurrently cannot overcome the clear mandate of section 3624(e).
 
 
 9
 We affirm the district court's order revoking his supervised release in CR-88-0932-B, imposing an 11 month custodial term, and recommencing his remaining 2 and 1/2 year supervised release term in CR-89-1165-B, following his release from custody.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Hon. Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3