70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Bruno CHAPPIE, Defendant-Appellant.
 No. 95-50314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1995.*
Decided Nov. 24, 1995.
 
 1
 Before: HALL and JOHN T. NOONAN, Jr., Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 William Bruno Chappie appeals from the order of the district court revoking his supervised release. We have jurisdiction under 28 U.S.C. Sec. 1291. Appellant raises two issues. First, he challenges the district court's jurisdiction, and second, he argues that the revocation was improper because his probation officer breached an agreement not to recommend revocation. The first argument has no merit, and appellant waived the second by not raising it before the district court. Accordingly, we affirm.
 
 
 4
 The jurisdiction of the district court to revoke a supervised release is an issue of law reviewed de novo. United States v. Neville, 985 F.2d 992, 994 (9th Cir.1993). Appellant argues that the district court lacked jurisdiction because his violation hearing was not held until after the expiration of his term of supervised release. This question is governed by 18 U.S.C. Sec. 3583(i), which provides that
 
 
 5
 The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.
 
 
 6
 All the elements necessary for jurisdiction under Sec. 3583(i) are present here. Appellant's term of supervised release expired on June 18, 1995. The violations--the underreporting of income and assets--occurred from early 1994 until March 1995, during his term. Appellant was served a summons ordering him to appear at the hearing on May 11, 1995, again, within the term of his supervised release. That hearing was originally set for May 22, 1995--also within appellant's term--but was continued, once at the request of appellant, and once by stipulation at the request of the government. While appellant's violation hearing was not held until June 19 and 20, 1995, this two-day extension of the term was "reasonably necessary" to accommodate the continuances sought by both sides. Appellant's argument, that his probation officer purportedly delayed in reporting his violations, is irrelevant. Nothing in Sec. 3583(i) makes jurisdiction turn on the rapidity of the probation officer.
 
 
 7
 Appellant next argues that his due process rights were violated when his probation officer breached an agreement entered into with appellant in February 1995, whereby the probation officer promised not to recommend revocation if appellant promptly paid $7500 in partial restitution. For one thing, this argument fails on its facts. The evidence in the record clearly indicates that appellant's probation officer decided to recommend revocation only after learning, in March 1995, that appellant was still concealing his income at the time the alleged agreement was reached.[1] More importantly, this argument was never raised before the district court. See (6/20/95 R.T. 96, GER 189). This court will not consider issues raised for the first time on appeal. United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is also clear from the record that this was obvious to the district court. See (6/20/95 RT 86-87, GER 179-80)