## UNITED STATES

v.

## TYSON FOODS, INC., Defendant.

## No. CR.A. 97–0506RMU.

United States District Court, District of Columbia.

March 5, 2002.

John P. MacCoon, Assistant U.S. Attorney, Chattanooga, TN, for the Government.

Thomas C. Green, Sidley, Austin, Brown & Wood, Washington, DC, for the Defendant.

*ORDER*

GRANTING THE GOVERNMENT'S MOTION TO CONTINUE THE MARCH 7, 2002 PROBATION REVOCATION HEARING

URBINA, District Judge.

Upon the consent of the government and the defendant, it is this 5th day of March, 2002,

**ORDERED** that the government's motion to continue the probation revocation hearing until the case in the Eastern District of Tennessee involving the defendant is resolved is hereby **GRANTED**.

On January 12, 1998, this court sentenced the defendant to a four-year term of probation. Among other things, the court ordered that Tyson Foods had to do the following while on probation: submit quarterly reports to the Probation Office reporting all of the organization's expenditures related to all federal employees, officeholders or candidates for federal office; submit a Corporate Code of Conduct and Compliance Policy and a specific plan for the implementation of the Compliance Agreement Program; disclose any criminal prosecution, civil litigation, or administrative proceeding initiated against the company; and submit to a reasonable number of regular or unannounced examinations of its books and records by the probation officer or experts engaged by the court. An additional condition of probation was that the defendant would not commit another federal, state, or local crime.

On January 7, 2002, several days before the defendant's term of probation would have expired, the court, on the recommendation of the Probation Office, issued a summons to the defendant to proceed with a hearing on a possible violation of probation to determine whether Tyson Foods had engaged in new criminal conduct. On December 11, 2001, a grand jury in the

Eastern District of Tennessee issued a 36–count indictment against the defendant charging, among other things, conspiracy to violate immigration and other laws, in violation of 18 U.S.C. § 371, conspiracy to defraud and obstruct Immigration and Naturalization Service enforcement of law, in violation of 18 U.S.C. § 371, and causing illegal aliens to be brought into the United States, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2.

Soon thereafter, the court held a conference call with counsel for both the government and the defendant and directed the parties to brief the issue of what the defendant's probationary status would be following the expiration of its probation on January 11, 2002. Specifically, the court wanted to hear the parties' positions as to whether the terms of probation, e.g., the requirement that Tyson Foods file quarterly reports, would continue until the court held the probation revocation hearing. In briefs filed with the court, both parties agree that because the court issued the summons before probation expired, the court retained jurisdiction pursuant to 18 U.S.C. § 3565(c) to address the issues raised by the summons. *See, e.g.,* Tyson Foods, Inc.'s Mem. Regarding Its Probation Status at 1.

Moreover, both parties share the view that while the court's power to revoke a sentence of probation continues after probation expires, the probationary term itself is not extended. *See id.* at 3–4; Response of the United States to Tyson Foods, Inc.'s Mem. Regarding Its Probation Status at 1 ("we believe that the defense's legal analysis is correct …"). In addition, the United States District Court for the District of Columbia's Probation Office concurs with counsel. In a memorandum dated January 23, 2002, the Probation Office noted that the four-year term of probation imposed on January 12, 1998 expired on January 11, 2002. While pointing out that the

court can conduct the delayed revocation hearing for a violation occurring before January 11, 2002, the Probation Office stated that "at this time, the court does not have the authority to enforce the conditions of supervision imposed on January 12, 1998." *See* Probation Office Mem. dated January 23, 2002 at 1.

After reviewing the parties' briefs and the relevant law, the court agrees with the unanimous position of the government, the defendant, and the Probation Office that while the court retains its jurisdiction pursuant to 18 U.S.C. § 3565(c) to hold a delayed revocation hearing, the probationary term expired on January 11, 2002. The best reading of section 3565(c) is that Congress did not intend for a term of probation to be extended under this provision without a court's finding that the defendant had committed some violation of the condition of probation. *See* 18 U.S.C. § 3565(c). While there is scant case law on this issue, the court agrees with the analysis of the Ninth Circuit, which addressed this issue, when it read section 3565(c)'s language to mean that in such a circumstance, "[t]he probationary period 'expir[es],' yet the power of the court 'extends.'" *See United States v. Neville,* 985 F.2d 992, 997 n. 8 (9th Cir.1993).

Moving on, the only remaining issue concerns when the court should conduct the probation revocation hearing. On February 20, 2002, the government filed a motion to continue the probation revocation hearing set for March 7, 2002 until the merits of the pending indictment of Tyson Foods are resolved in the Eastern District of Tennessee. *See* Gov't's Mot. to Continue at 1. Because this case is "so unusual and complex due to the nature of the prosecution [and] the amount of documents and pre-trial discovery," the government explained that "[t]here appears to be no effective means of streamlining the evi-

dence in such manner as to avoid a two-month 'mini-trial' in advance of the estimated two-month trial set for February 2003" in Tennessee. *Id.* The government stated that both it and the defendant believe that "judicial economy would be best served by allowing the merits of the Tennessee indictment to be determined in Tennessee" before this court holds a probation revocation hearing. *See id.* The court agrees.

Accordingly, it is

**ORDERED** that the probation revocation hearing set for March 7, 2002 is **VACATED**; and it is

**FURTHER ORDERED** that the parties shall jointly contact chambers to schedule future matters in this case within 30 days of the date of the resolution of the indictment involving the defendant in the Eastern District of Tennessee.

**SO ORDERED.**