[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

_____

No. 10-10057
Non-Argument Calendar

_____

D.C. Docket No. 8:05-cr-00180-SDM-MSS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY MYEA LEE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jerry Myea Lee appeals from his 22-month sentence imposed for the revocation
of his original term of supervised release. On appeal, Lee argues that: (1) the

evidence failed to establish by a preponderance of the evidence that Lee violated the terms of his supervised release; and (2) his sentence is both procedurally and substantively unreasonable. After careful review, we affirm.

We generally review a district court's revocation of probation for abuse of discretion. United States v. Mitsven, 452 F.3d 1264, 1266 (11th Cir. 2006). In reviewing a revocation proceeding, "[a] district court's findings of fact are binding on [us] unless clearly erroneous." United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993) (quotation omitted). We review sentences imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

First, we disagree with Lee's claim that sufficient evidence failed to support the district court's finding that Lee violated the conditions of his supervised release. In reviewing the evidence presented at revocation proceedings, we have held that, "all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required." United States v. O'Quinn, 689 F.2d 1359, 1361 (11th Cir. 1982) (quotation omitted). Although O'Quinn is a probation revocation case, probation and supervised release are conceptually the same, and we treat revocations the same whether they involve

2

probation or supervised release. See United States v. Frazier, 26 F.3d 110, 113 (11th Cir. 1994).

Credibility determinations are within the province of the fact finder "because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). If testimony presented by opposing witnesses at the hearing are in "direct conflict," the district court's decision to lend credence to one party's version should be "conclusive" and warrants reversal only if the court credits "exceedingly improbable" or even "unbelievable" testimony. Id. (quotations and emphasis omitted). We have held that a court may not adopt a per se rule against a defendant in a case involving conflicting testimony. Gallego v. United States, 174 F.3d 1196, 1198-99 (11th Cir. 1999). Instead, a court must weigh the credibility of the parties' testimony. Id. at 1198.

Here, the district court determined that Lee violated the terms of his supervised release by committing aggravated battery with a deadly weapon, being a felon in possession of a firearm, and falsely imprisoning his girlfriend, Lucille Gamble. In Florida, a person commits an aggravated battery when, in committing a battery, that person intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement, or uses a deadly weapon. F.S.A. § 784.045(1)(a). Florida

law makes it "unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm . . . if that person has been convicted of or found to have committed a crime against the United States which is designated as a felony." F.S.A. § 790.23(1)(c). A person falsely imprisons another when "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will." F.S.A. § 787.02(1)(a).

The record does not indicate that the court improperly relied on its understanding of domestic violence when it discredited Gamble's testimony. The court explained that its credibility determination was based on the consistency of the government witnesses' testimony and the conflicting nature of Gamble's testimony. The court also reviewed the photographic evidence and decided that it accorded with the testimonies of the government witnesses. Under the circumstances, Lee has not shown that the district court clearly erred when it made an adverse credibility determination against Gamble, and therefore, it did not abuse its discretion when it revoked Lee's supervised release.

We are also unpersuaded by Lee's claim that his sentence is unreasonable. Pursuant to 18 U.S.C. § 3583(e), upon finding that a defendant violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering certain specified factors in 18

4

U.S.C. § 3553(a). The district court must impose both a procedurally and substantively reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009).

A sentence is procedurally unreasonable if "the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." Id. "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a)." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir.2008) (internal quotation omitted). We have held that "[o]ne of the factors a court must consider . . . is . . . the sentencing range established [by] the applicable guidelines or policy statements issued by the Sentencing Commission." United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007).

We review substantive reasonableness for abuse of discretion and examine the totality of the circumstances, including whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence. Gonzalez, 550 F.3d at 1324. The district court does not need to discuss or state each § 3553(a) factor explicitly. Id. "An acknowledgment the district court has considered the defendant's arguments and the

5

§ 3553(a) factors will suffice." Id. We defer to the district court's judgment regarding the weight given to the § 3553(a) factors "unless the district court has made 'a clear error of judgment' and has imposed 'a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" Id.

Pursuant to § 3553(a) and § 3583(e), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," including to protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2)(C)-(D). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (4)-(7).

Lee's argument that the district court relied on clearly erroneous facts is misplaced. As discussed above, the court credited the testimonies of government witnesses over Gamble's, and Lee has not shown that the court's credibility determination constituted clear error. Lee's argument that the court unjustifiably

6

relied on his criminal history is also misplaced. The court was entitled to consider Lee's criminal history, and he has not shown that the court considered his history to the exclusion of other statutory factors. Therefore, Lee's sentence was procedurally reasonable.

Lee's sentence is also substantively reasonable. The court sentenced Lee after hearing the parties' arguments and considering the Guidelines range, the § 3553(a) factors, and the Sentencing Commission's policy statements. The court specifically justified its sentence, stating that it believed Lee had attacked his girlfriend. The court also referenced Lee's criminal history, noting his prior battery and drug convictions. Accordingly, the court did not abuse its discretion when it sentenced Lee to 22-months' imprisonment.

**AFFIRMED.**