**UNITED STATES of America**

v.

**Christopher Richard DUMAS**

**Case No. 5:16–cr–00282–VEH–HGD**

United States District Court,
N.D. Alabama, Northeastern Division.

Signed November 18, 2016

Joyce White Vance, U.S. Attorney, U.S. Attorney's Office, U.S. Probation, United States Probation Office, USM, United States Marshal, Birmingham, AL, Austin F. Cheng, U.S. Army, Redstone Arsenal, AL, Laura D. Hodge, U.S. Attorney's Office, Huntsville, AL, for United States of America.

Michael Tewalt, Michael T. Tewalt, Attorney at Law, Huntsville, AL, for Christopher Richard Dumas.

## ORDER

Virginia Emerson Hopkins, United States District Judge

On August 11, 2015, defendant, Christopher Richard Dumas, pled guilty before United States Magistrate Judge Harwell G. Davis, III, to operating a motor vehicle with a revoked driver's license while on Redstone Arsenal, in violation of 18 U.S.C. § 13, assimilating *Ala. Code* § 32–6–19. He was sentenced to one year of probation. Defendant was ordered not to commit another federal, state or local crime; specifically, not to illegally possess a controlled substance and not to own or possess a firearm or destructive device. The Court also ordered defendant to report to the probation officer as directed by the Court or probation officer. The Court further imposed the following special conditions of probation: (1) defendant shall serve two weekends in the custody of the United States Marshal, to be served at the direction of the Marshal, and (2) defendant shall not operate a motor vehicle without a valid driver's license.

On July 21, 2016, prior to the expiration of defendant's period of probation, United States Probation Officer Gerry Walker submitted a Petition for Warrant or Summons for Offender Under Supervision. (Doc. 1). The petition charged that defendant was convicted on July 14, 2016, of third degree domestic violence-harassment; defendant was arrested on June 24, 2016, for unlawful possession or receipt of a controlled substance; defendant failed to report to the probation office as directed in March, April, May, June and July 2016; and defendant operated a motor vehicle with a revoked driver's license on May 25, 2016, on which date he was stopped by

Huntsville Police during a traffic stop and found to be without a valid driver's license. Magistrate Judge Davis ordered issuance of an arrest warrant on July 26, 2016. Defendant was arrested at his home of record on August 12, 2016.

A revocation hearing was held before Magistrate Judge Davis on August 15, 2016. After hearing testimony, Magistrate Judge Davis determined that defendant's probation should be revoked. On August 24, 2016, Magistrate Judge Davis entered an order revoking defendant's probation and imposing a term of imprisonment of 180 days with no term of supervised release to follow. Magistrate Judge Davis also ordered that defendant shall not receive any sentence credit for any prior custodial sentence served. (Doc. 2).

Defendant has appealed the revocation of his probation. (Doc. 3). As grounds, he asserts that Magistrate Judge Davis lacked jurisdiction. (Doc. 6). Specifically, defendant argues that he was not arrested until August 12, 2016, one day after his probation expired; therefore, the Court had lost jurisdiction to revoke defendant's probation. Defendant presents his statement of the issue as "Whether, absent any actions of the defendant to abscond or flee the jurisdiction of the court, failure on the part of the Marshalls [*sic*] to arrest tolls the period of probation when no change of address, flight, or attempt to elude has been alleged." (*Id.* at 2). Defendant contends that, absent any allegation that he moved or changed addresses without prior notification to the probation office, the time period for his probation was not tolled and thus expired before the arrest and revocation hearing.

In response, the Government outlines the issues as "Whether authority of the court to revoke a sentence of probation extends beyond the expiration of the term of probation when a warrant was issued prior to the expiration of the probation term but the revocation proceedings are held after the expiration of the term" and "Whether holding a probation revocation four days after the expiration of the term of probation is reasonable under 18 U.S.C. § 3565(c)." (Doc. 7 at 5).

## DISCUSSION

■ The appeal of the magistrate judge's decision is subject to *de novo* review by the district court. *United States v. Presley*, 487 F.3d 1346, 1348 (11th Cir. 2007). The Court begins its analysis with the applicable statute, 18 U.S.C. § 3565, which provides in relevant part:

(a) **Continuation or revocation.**—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable—

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and resentence the defendant under subchapter A.

\* \* \* \* \*

(c) **Delayed revocation.**—The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. §§ 3565(a) and (c). In analyzing this statute, the Court is mindful that the Eleventh Circuit treats supervised release

revocations and probation revocations the same. *See United States v. Lee*, 477 Fed. Appx. 539, 540 (11th Cir. 2010) ("we treat revocations the same whether they involve probation or supervised release"; *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir.1994).

The Government relies on *United States v. Naranjo*, 259 F.3d 379 (5th Cir. 2001). In *Naranjo*, the defendant was sentenced to 46 months of imprisonment and five years of supervised release. Prior to the expiration of the term of supervised release, Naranjo's probation officer filed a petition in 1997 alleging Naranjo had violated the terms of his supervision in 1996 by possessing cocaine and driving under the influence. However, the petition asked that the warrant be held in abeyance pending final disposition of the new charges. The warrant was issued but no proceedings on the warrant took place in 1997. In 2000, after the supervised release term expired, the probation officer filed a second petition alleging Naranjo committed new violations of the terms of supervised release in 1999, before the term expired. Based on the allegations in the petition, the court revoked Naranjo's supervised release and sentenced him to 12 months' imprisonment. Naranjo contended on appeal that the court lacked jurisdiction to revoke his supervised release based on acts committed in 1999 which were not alleged until after his supervised release term expired, and the allegations about those acts were not included in the original petition. The Fifth Circuit looked at the plain language of 18 U.S.C. § 3583(i)[1] and concluded that the revocation was permit-

ted under that statute. It stated that a court's post-term jurisdiction to revoke supervised release is preserved by issuance of a warrant or summons during the supervision term.

■ The language of § 3565(c) tracks the language of § 3583(i) almost *verbatim*, with the exception that "probation" is used in place of "supervised release." Therefore, the holding in *Naranjo* is persuasive. Further, other courts considering whether § 3565(c) allows revocation of probation or supervised release after the term has expired, based on a revocation warrant issued prior to the expiration of the term, have concluded that the court does not lose jurisdiction under these circumstances. *See United States v. Crisler*, 501 F.3d 1151, 1152 (10th Cir. 2007) ("the court cannot revoke probation after the term of probation has expired unless (1) the delay in revocation was reasonably necessary and (2) a warrant or summons issued before the expiration date"); *United States v. Schmidt*, 99 F.3d 315 (9th Cir. 1996), *overruled on other grounds by United States v. Castro–Verdugo*, 750 F.3d 1065 (9th Cir. 2014) (record revealed that summons for probation violation issued prior to expiration of term of probation, and thus district court had jurisdiction to revoke probation after sentence of probation expired); *United States v. Morales*, 45 F.3d 693 (2d Cir. 1995); *United States v. Barton*, 26 F.3d 490, 492 (4th Cir. 1994); *United States v. Neville*, 985 F.2d 992 (9th Cir. 1993); *United States v. Tyson Foods, Inc.*, 191 F.Supp.2d 142 (D.D.C. 2002). *C.f. United States v. Dworkin*, 70 F.Supp.2d 214

---

1. This subsection provides:

(i) **Delayed revocation.**—The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. 18 U.S.C. § 3583(i).

(E.D.N.Y. 1999) (finding a two-year delay in execution of a probation revocation warrant unnecessary); *United States v. Pocklington*, 792 F.3d 1036 (9th Cir. 2015) (court lacked jurisdiction to revoke probation where warrant was not issued until after expiration of probation); *United States v. Strada*, 503 F.2d 1081 (8th Cir. 1974) (revocation of probation can occur after probationary period only if violation is one that occurred during that period and if formal revocation procedures are initiated during that period; however, long delay between issuance of arrest warrant and its execution may be unreasonable and a deprivation of due process to such an extent that it divests the court's subject matter jurisdiction); *United States v. Merlino*, 785 F.3d 79 (3d Cir. 2015) (court lacked jurisdiction where no warrant was issued prior to expiration of term of supervised release).

In this case, the petition for revocation, based on defendant's violations during the term of probation, was submitted by the probation officer on July 21, 2016, and Magistrate Judge Davis ordered issuance of the warrant on July 26, 2016. All of these acts occurred before the expiration of defendant's probation. Therefore, the Court had jurisdiction to revoke defendant's probation, even though he was not arrested on the warrant and did not appear in court until shortly after his probation expired.

The Court sees no reason to limit the reach of § 3565(c) by imposing a separate condition, not contained in the statute, that the defendant must have absconded, in addition to having violated his conditions of probation. Such an additional requirement would impermissibly deprive the court of jurisdiction to revoke probation after it has expired, based on conduct occurring before the expiration and a warrant sought and issued prior to the expiration. The 22–day delay in this case from the time the warrant was issued to the time it was executed was not unreasonable. The court is aware that the United States Marshals in the Northern District of Alabama have a considerable caseload, such that not every warrant will be served immediately.

Based on the foregoing, the Court **AFFIRMS** the decision of the magistrate judge to revoke the probation of defendant and impose a sentence of 180 days.

**DONE** and **ORDERED** this the 18th day of November, 2016.