**Mark MURRET, Nick Congemi, Westley West, Sr., Tommy Powell and Anita Allen, Plaintiffs–Appellants,**

v.

**The CITY OF KENNER, Defendant–Appellee,**

**The Kenner Police Department, et al., Defendants–Appellees.**

No. 88–3705.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1990.

---

694

Robert J. Gunther, Wallace & Gunther, New Orleans, La., for plaintiffs-appellants.

Paul D. Connick, Jr., Hall, Lentini, Mouledoux & Wimberly, Metairie, La., for Lentini and City of Kenner.

Clement P. Donelon, Leefe, Donelon & Donelon, Metairie, La., for City of Kenner.

William F. Wessel, Victoria L. Bartels, New Orleans, La., for Police Chief Lentini, et al., individually.

Before RUBIN, REAVLEY and KING, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants appeal from the district court's vacation of the reference to the magistrate and the magistrate's grant of new trial to the defendants. We hold that the district court properly vacated the reference to the magistrate and need not address the magistrate's grant of new trial.

## I.

On September 5, 1986, plaintiff-appellant, Mark Murret (Murret), a former police officer in the Kenner Police Department, filed this action against the City of Kenner, Kenner Police Civil Department, Kenner Municipal Fire and Police Civil Service Board, Police Chief Salvador Lentini, Lois Turner and Steven Arroyo. Essentially, Murret alleged that he had been mistreated and ultimately discharged because of his affiliation with the police officers' union, the Police Association City of Kenner. In October 1986, Murret and the initial defendants signed a Consent to Proceed Before a United States Magistrate in accordance with 28 U.S.C. § 636(c). Nick Congemi, Westley West, Thomas Powell and Anita Allen were later added as plaintiffs in March 1987.[1] The new plaintiffs did not execute a written consent form. However, the magistrate stated, in a minute entry dated March 20, 1987, that "express[ed] consent of the parties [was] given in accordance with the provisions of 28 U.S.C. § 636(c)." (emphasis deleted). In May 1987, Robert Hale and Salvador Ciravola were added as defendants.[2] These new defendants did not sign a form expressing their consent to trial before the magistrate; nor was there a minute entry indicating their expressed consent.

Nevertheless, a jury trial before the magistrate commenced on September 14, 1987. At no time during the proceeding did the magistrate inquire on the record whether the added parties had consented. The jury returned a verdict in favor of Murret and the new plaintiffs.[3] Judgment was rendered by the magistrate. Post-trial motions were entered and the magistrate expressed his intention to grant a new trial in the case.

Meanwhile, on March 9, 1988, counsel for the defendants filed a motion with the district court to vacate the reference to the magistrate. On March 25, 1988, the magistrate issued his order granting a new trial and four days later, the district court vacated the reference to the magistrate. The case was retried before the district court. Directed verdict was granted to Steven Arroyo, Salvador Ciravola, Robert Hale and

---

1. The plaintiffs are referred to collectively as "plaintiffs."

2. The defendants are referred to collectively as "defendants."

3. Steven Arroyo, the City of Kenner and the Kenner Police Department were dismissed as defendants.

Lois Turner and the jury returned a verdict in favor of the remaining defendants. Plaintiffs timely appealed.

## II.

Plaintiffs contend that the district court erred in vacating the reference to the magistrate. We disagree.

Upon the consent of the parties, a full-time United States magistrate may conduct a jury trial in a civil case. 28 U.S.C. § 636(c). However, that section provides:

The [district] court may, for good cause shown on its own motion, or under any *extraordinary circumstances* shown by any party, vacate a reference of a civil matter to a magistrate under this subsection.

28 U.S.C. § 636(c)(6) (emphasis added). The parameters of the extraordinary circumstances condition for vacating the reference of a civil matter to a magistrate have yet to be defined. *See Pacemaker Diagnostic Clinic of Am. v. Instromedix, Inc.,* 725 F.2d 537, 545 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984) (noting that the limits of section 636(c)(6) have not been explored).

We must determine whether failure to comply with our decision in *Archie v. Christian* is an extraordinary circumstance under which a district court may vacate a reference to a magistrate. 808 F.2d 1132 (5th Cir.1987) (en banc). In *Archie,* we held:

no jury trial [under section 636(c) ] can be conducted by a magistrate without the consent of all parties, given in writing and filed before trial commences. In order to prevent recurrences of such situations as today's appeal presents, and in the exercise of our supervisory powers, we direct that before commencing the actual trial of any civil case in which a magistrate is to preside pursuant to the authority of 28 U.S.C. § 636(c), jury or nonjury, he shall inquire on the record of each party whether he has filed consent to the magistrate's presiding and shall receive an affirmative answer from each on the record before proceeding further.

*Id.* at 1137; *see also* Fed.R.Civ.P. 73(b) (when the parties agree to have a magistrate hear a civil trial, "they shall execute and file a ... form of consent").

Though the reach of section 636(c)(6) is largely uncertain, we believe that the *Archie* consent requirements are well within the grasp of the statute's extraordinary circumstances condition for vacating the reference. Written consent is an important means of "safeguarding the voluntariness" of consent. *See* 808 F.2d at 1135. Moreover, assuring the voluntariness of consent is of fundamental importance since parties consenting to trial before a magistrate are, in effect, waiving their right to trial before an Article III judge. In the instant case, at least the initial plaintiffs and defendants were in compliance with *Archie.* However, if consent from *all* parties is not obtained in accordance with *Archie,* the district court may vacate the reference to a magistrate even though some of the parties were in full compliance with *Archie. See generally Caprera v. Jacobs,* 790 F.2d 442 (5th Cir.1986) (vacating magistrate's dismissal of plaintiff's civil rights action because new defendants, added by amended complaint, did not expressly consent to case being tried before magistrate). Here, it is clear that all the parties were not in compliance with *Archie.* Thus, we conclude that the failure of all parties to provide consent in accordance with *Archie* was an extraordinary circumstance[4] under which the district court properly vacated the reference to the magistrate.[5]

---

**4.** We have analyzed the district court's vacation of the reference to the magistrate under the more stringent "extraordinary circumstances" condition. By doing so, we do not suggest that a district court is constrained to use that more stringent standard simply because the issue before the district court is precipitated by the motion of a party. Under either the "extraordinary circumstances" standard or the "good cause" standard, a district court may properly vacate the reference to a magistrate for failure to comply with our decision in *Archie.*

**5.** Because we conclude that the district court properly vacated the reference to the magistrate, plaintiffs' claim that the magistrate erroneously granted a new trial is rendered moot.

### III.

We therefore find that the district court properly vacated the reference to the magistrate.

AFFIRMED.