James Allen DOWELL, Plaintiff,

v.

C.V. BLACKBURN, et al., Defendants.

Civ. A. No. 89–251–R.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Aug. 12, 1991.

James Allen Dowell, pro se.

Edward M. Macon, McGuire, Woods, Battle & Boothe, Richmond, Va., and Mark R. Davis, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This case comes to the court on remand from the United States Court of Appeals for the Fourth Circuit. 932 F.2d 963. After giving consent to have his case heard by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(2), plaintiff Dowell attempted to withdraw that consent shortly before trial by filing a motion to vacate reference. The magistrate judge denied the motion. The Fourth Circuit has found that the magistrate judge was without jurisdiction to do so. Since this decision is to be made by the district court, the case has been remanded for the court to rule on the plaintiff's motion.

Reference to a magistrate judge may be vacated by the district court "for good cause shown ... or under extraordinary circumstances." 28 U.S.C. § 636(c)(6). Thus the court must decide whether good cause or extraordinary circumstances existed such that withdrawal of plaintiff's consent would be proper.

Plaintiff Dowell is an inmate at the Staunton Correctional Center. He has sought relief under 42 U.S.C. § 1983 claim-

ing that he has been harassed with unjustified institutional offenses and inadequate medical attention. The defendants in the case were divided into medical and non-medical defendants. Specifically, plaintiff alleges that the medical defendants erroneously described his physical condition and, as a result, he was not excused from work as he maintains would have been proper. Further, plaintiff complains that the non-medical defendants have subjected him to unlawful incarceration past his mandatory release date because of institutional charges that resulted from his failure to work.

On May 7, 1990, the defendants filed a motion for summary judgment. Notice was issued to the plaintiff on the 16th of May that he would have fifteen (15) days to submit evidence in response to the motion. On May 29, the magistrate judge denied plaintiff's request to have an inmate legal advisor or to have counsel appointed by the court. The magistrate judge found that the issues were not sufficiently complex to grant plaintiff's request. The magistrate judge also denied plaintiff's demand for trial by jury because it was untimely, but granted plaintiff's request to extend the time when witness lists could be filed.

On May 30, 1990, before plaintiff's time for response had expired, the magistrate judge granted summary judgment for the medical defendants while denying it for the non-medical defendants.

The day before the case against the non-medical defendants was set to go to trial, plaintiff filed the motion to vacate reference to the magistrate in an attempt to withdraw his consent. In his motion, plaintiff maintained that the magistrate judge did not respond to a previous motion for expedited determination, or to written inquiries to the court concerning the status of the case. He further claimed that the magistrate judge's premature ruling on the defendant's motion for summary judgment and the magistrate judge's refusal to appoint him counsel constituted justification for his withdrawal of consent.

The following day, before the trial against the non-medical defendants, the magistrate judge took up the matter of the motion to vacate reference. Since the district court judge was unavailable, the magistrate judge decided to rule on the matter himself. This is the decision which the Fourth Circuit has overturned, and which brings the matter here. Before ruling, the magistrate judge asked plaintiff if he was trying to withdraw his consent because of the magistrate judge's prior adverse decisions in the proceedings. The plaintiff responded affirmatively. Upon further questioning, the plaintiff stated that he also sought to withdraw his consent "because so many things I don't really understand, I think I really need a lawyer." Plaintiff revealed that he had tried to hire a lawyer three separate times but could not get anyone to take his case. The magistrate judge noted that this was the first time plaintiff notified the court of his attempts to get a lawyer, and that he had not filed a motion to continue after a date had been set for trial.

The court, then, is presented with a number of purported reasons why defendant should be allowed to withdraw his consent to the magistrate judge. Plaintiff has admitted that the primary considerations prompting his motion were the magistrate judge's previous adverse decisions, and his desire to have a lawyer. Clearly, the former can not be within the extraordinary circumstances included in the statute. Allowing parties to withdraw their consent whenever their case may seem in jeopardy of defeat would greatly frustrate the beneficial purposes of reference to the magistrate. Adverse decisions, absent clear prejudicial abuse by the magistrate judge, then, do not constitute "good cause" or "extraordinary circumstances."

Likewise, plaintiff's desire to attain the services of a lawyer fail to satisfy the requirements of the statute. The magistrate judge's refusal to appoint counsel, and plaintiff's desire to hire his own counsel do not justify withdrawal of consent. The magistrate's refusal seems appropriate in the light of his finding that the issues were not sufficiently complex to require counsel. Further, the plaintiff's failure to

attain his own counsel or move for a continuance from the court to allow him more time to search for counsel are his own failings and not that of the magistrate. Thus, plaintiff again fails to cite the "good cause" or "extraordinary circumstances" required to justify withdrawal of plaintiff's consent to the magistrate judge's ruling.

■ The plaintiff's protest that the magistrate judge never replied to his motion for expedited determination, and his written inquiries concerning the status of his case are likewise insufficient to constitute the necessary "good cause" or "extraordinary circumstances" required to withdraw consent. Plaintiff's motion for expedited determination was filed on February 5, 1990, just four months before trial. Thus, the court finds the determination of plaintiff's case sufficiently prompt considering the magistrate judge's caseload.

■ The plaintiff's strongest cause for withdrawal is the magistrate judge's premature grant of summary judgment. However, this problem was cured when the magistrate judge vacated the summary judgment on June 8, 1990, in open court. He allowed plaintiff ten (10) additional days to respond to defendant's motion for summary judgment. Not until July 2, 1990, after plaintiff failed to respond during those ten days, did the magistrate judge again grant summary judgment for the medical defendants. Because this situation was cured by the magistrate judge, this matter does not constitute a showing of good cause for withdrawal of consent.

For the reasons stated herein, plaintiff's motion to vacate reference to the magistrate judge is denied.