**PADDINGTON PARTNERS, Plaintiff,**

v.

**Jean–Louis BOUCHARD, Econocom Finance N.V., Econocom International N.V., Jefferies & Company, Inc. and Herbert A. Denton, Defendants.**

No. 88 Civ. 1381(SWK).

United States District Court,
S.D. New York.

Dec. 3, 1996.

Morgan, Lewis & Bockius, L.L.P. by James M. Conway, New York City, for defendant, Jefferies & Company, Inc.

### ORDER

KRAM, District Judge.

In this action arising out of a complex securities transaction and subsequent tender offer, Jefferies & Company, Inc. ("Jefferies") asks the Court to direct it to settle a form of judgment (1) consolidating the amended judgments issued by Magistrate Judge Barbara A. Lee on November 1, 1993 and December 16, 1993 (the "Amended Judgments"); and (2) comporting with the Second Circuit's August 22, 1994 decision, *Paddington Partners v. Bouchard*, 34 F.3d 1132 (2d Cir.1994). For the reasons set forth below, Jefferies's motion is granted.

1. The facts of this case are set forth fully in the Second Circuit's decision affirming in part and vacating in part Magistrate Judge Lee's Amended Judgments, *Paddington Partners v. Bouchard*, 34

### BACKGROUND [1]

In February 1988, Paddington Partners ("Paddington") commenced this litigation against Econocom Finance N.V. and Econocom International N.V. (collectively, "Econocom") for violations of federal securities laws and the Racketeer Influenced and Corrupt Organizations Act in connection with the acquisition of stock. Paddington's complaint also charged Jefferies, as Econocom's investment banker, with aiding and abetting Econocom's wrongdoing.

Following the initiation of Paddington's lawsuit, Jefferies sent Econocom a number of invoices for attorneys' fees incurred in the litigation. Econocom did not pay the invoices, and in December 1988, Jefferies filed a cross-claim against Econocom for indemnification.

In December 1990, Jefferies filed a motion for summary judgment dismissing Paddington's claims against it, Econocom moved for summary judgment dismissing Jefferies's cross-claim for indemnification, and Jefferies cross-moved against Econocom seeking summary judgment on its cross-claim. The motions were referred to Magistrate Judge Lee for Report and Recommendation. On November 20, 1991, Magistrate Judge Lee held oral argument on the three motions and dictated her opinion into the record, recommending that Paddington's claims against Jefferies be dismissed and that Econocom be ordered to indemnify Jefferies for its attorneys' fees.

On September 1, 1992, this Court issued an order adopting Magistrate Judge Lee's Report and Recommendation which dismissed all charges against Jefferies, granted Jefferies's motion for summary judgment on its cross-claim and awarded Jefferies attorneys' fees in the amount of $646,438.91. Judgment was entered on October 5, 1992 (the "October 1992 Judgment"). Econocom continued to ignore Jefferies's invoices and in November 1992, Jefferies filed a second motion for sum-

F.3d 1132 (2d Cir.1994), familiarity with which is presumed. Only those facts relevant to the disposition of this motion shall be recited below.

mary judgment on the balance of its cross-claim seeking, among other things, attorneys' fees and expenses incurred from February 7, 1991 through November 14, 1992. Because of her familiarity with the history of the motion and the underlying events and issues in the case, the parties stipulated to be bound by Magistrate Judge Lee's decision on the summary judgment motion pursuant to 28 U.S.C. § 636(c).

On February 8, 1993, Magistrate Judge Lee granted Jefferies's second motion for summary judgment and awarded Jefferies additional damages in the amount of $289,491.65. Judgment was entered on March 22, 1993 (the "March 1993 Judgment"). Thereafter, Econocom filed a notice of appeal. Because the judgment did not address Jefferies's demand for prejudgment interest, however, the parties stipulated to the withdrawal of Econocom's appeal in order to address the need for a corrected judgment. The parties stipulated that any motions to amend the March 1993 Judgment would be submitted to Magistrate Judge Lee for a final decision pursuant to 28 U.S.C. § 636(c). Thereafter, Jefferies moved pursuant to Federal Rule of Civil Procedure 60 to correct the March 1993 Judgment in various respects.

On November 1, 1993, Magistrate Judge Lee granted Jefferies's Rule 60 motion insofar as it sought prejudgment interest in the amount of $53,252.55 on the March 1993 Judgment, and denied other requests by the parties, including a request by Jefferies to add prejudgment interest on the October 1992 Judgment. The court deemed Jefferies's request to require a separate motion and, accordingly, Jefferies moved pursuant to Federal Rule of Civil Procedure 60(a) to correct the October 1992 Judgment.

On December 16, 1993, the parties having agreed that the prior reference incorporated the pending motion, Magistrate Judge Lee granted that motion as well and corrected the October 1992 Judgment to include an award of prejudgment interest in the amount of $239,108.97. The Amended Judgments were entered granting Jefferies summary judgment on its cross-claim for indemnification against Econocom for attorneys' fees,

together with prejudgment interest on those amounts. Econocom refiled its notice of appeal and on August 22, 1994, the Second Circuit rendered its decision affirming in part and vacating in part the Amended Judgments. *Paddington Partners v. Bouchard,* 34 F.3d 1132 (2d Cir.1994).

In early 1996, Magistrate Judge Lee retired from the bench. Thereafter, on May 14, 1996, Jefferies petitioned this Court for an order directing Jefferies to settle a form of judgment. In response to this request, the Court scheduled a status conference for July 24, 1996. Neither Econocom nor any representative of Econocom attended the conference. At that time, the conference was rescheduled for September 25, 1996 in order to provide Econocom another opportunity to appear before the Court. On September 25, 1996, the rescheduled status conference was held on the record and Econocom again failed to appear.

## DISCUSSION

■ When parties consent to the exercise of case-dispositive jurisdiction by a designated magistrate judge, the district judge retains "residual authority" under 28 U.S.C. § 636(c)(6) and Federal Rule of Civil Procedure 73(b) to vacate the reference. 12 Charles A. Wright, Arthur R. Miller & Frank W. Elliott, Federal Practice & Procedure § 3077.4 (1996 Supp.) (citing H.Rep. Report No. 287, 96th Cong. 1st Sess. 11 (1979)). Both Rule 73(b) and Section 636(c)(6) provide that a district judge, for good cause shown on the judge's initiative, or under extraordinary circumstances shown by a party, may vacate a reference of a civil matter to a magistrate judge. 28 U.S.C. § 636(c)(6); Fed.R.Civ.P. 73(b); *Fellman v. Fireman's Fund Ins. Co.,* 735 F.2d 55, 58 (2d Cir.1984); *see also Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018 (5th Cir.1987) (determination of good cause for purposes of vacating reference "is committed to the court's sound discretion"). When a district judge vacates a reference on his or her own initiative, the showing of "good cause" required by Rule 73(b) and Section 636(c)(6) is less stringent than the showing of "extraordinary circumstances" that must be made where a party moves to vacate a refer-

ence. 12 Charles A. Wright, Arthur R. Miller & Frank W. Elliott, Federal Practice & Procedure § 3077.4, at 71 (1996 Supp.); *see also Murret v. City of Kenner*, 894 F.2d 693, 695 n. 4 (5th Cir.1990) ("extraordinary circumstances" standard more stringent than "good cause").

The Court finds that under the present circumstances the referral should be vacated. The parties' stipulated reference to a magistrate judge was specific to Magistrate Judge Lee. Thus, the consent to the reference should arguably be withdrawn when the magistrate judge retires or otherwise becomes unavailable.[2] Moreover, the stipulation encompassed motions to amend the original judgments and did not explicitly contemplate amendments that might be necessitated on appeal. Finally, the most obvious solution, for the parties to consent to a new reference, has been foreclosed by Econocom's recalcitrant conduct. Viewed together, these factors constitute good cause to vacate the referral to Magistrate Judge Lee. For these reasons, the Court vacates the reference under Section 636(c)(6) and Rule 73(b).

## CONCLUSION

For the reasons set forth above, the Court vacates the magistrate judge referral pursuant to 28 U.S.C. § 636(c)(6) and Federal Rule of Civil Procedure 73(b). The Court also directs Jefferies to settle a form of judgment (1) consolidating the Amended Judgments; and (2) comporting with the Second Circuit's August 22, 1994 decision.

SO ORDERED.

---

**2.** In contrast, where a consent agreement provides for a reference to an unidentified magistrate judge, the matter is normally referred to another magistrate judge. *Cf. O'Neal Bros. Constr. Co. v. Circle, Inc.*, No. Civ.A. 91–3769, 1994 WL 658468 (E.D.La.1994) (requiring new magistrate judge when presiding magistrate judge was killed in a traffic accident); *MacNeil v. Americold Corp.*, 735 F.Supp. 32, 39 (D.Mass. 1990) (as long as other magistrate judges were available, consent agreement providing for "trial before a United States Magistrate" required that case be referred to another magistrate judge).