**UNITED STATES of America, Plaintiff,**

v.

**Christopher SIMMONDS, Defendant.**

**No. 98–CR–98.**

United States District Court,
D. Colorado.

April 28, 1998.

Wade H. Eldridge, Wade H. Eldridge, P.C., Neil E. MacFarlane, Neil MacFarlane, Atty. at Law, Denver, CO, for Christopher Simmonds.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on two *pro se* pleadings filed by Defendant. The first pleading is denominated "Motion to 'Retract' Consent to Proceed before Magistrate Judge and to Proceed before U.S. District Judge." The second pleading is denominated "Motion for Conference Call." The Court has reviewed the motions and will waive further argument at this time.

### I.

Defendant presently is serving a sentence in the Bureau of Prisons (BOP). At all times relevant to this case, Defendant has been incarcerated at the United States Penitentiary—Administrative Maximum (ADX) at Florence, Colorado.

On March 11, 1998, the United States Attorney filed a criminal information alleging that on or about August 4, 1997 Defendant assaulted two individuals who were BOP employees acting within the scope of their official duties. Each count alleged a Class A misdemeanor. 18 U.S.C. § 111(a). As a result, Defendant faces a possible jail sentence of up to one year on each count.

On March 12, 1998, Defendant appeared before the Court for initial advisement and arraignment. The Court held the hearing at the courtroom facility at ADX in Florence, Colorado. Counsel Wade Eldridge previously had been appointed for Defendant and was present at the hearing. The Court advised Defendant of his right to be tried before United States District Judge Walker Miller who had been assigned to the case by the Clerk of the Court or to consent to trial before a United States Magistrate Judge.[1] The following colloquy took place:

THE COURT: Mr. Simmonds, you do have a right to have this matter heard by a district judge. Judge Walker Miller has been assigned to this case. You also have a right to consent to have the matter heard by a Magistrate Judge.

DEFENDANT: Excuse me, I'm deaf in this ear.

THE COURT: Okay

THE DEFENDANT: I'm partially deaf in this ear.

THE COURT: Okay, I understand. I understand. Kind of like my kids, but I think that's selective sometimes. Alright.

THE COURT: You have a right to have this matter heard by a U.S. District Judge. Judge Walker Miller, who is a district judge, has been assigned to this case. You also have a right to consent to have this matter heard by a U.S. Magistrate Judge, in this case me. A District Judge is appointed by the President, confirmed by the Senate, has life-time tenure, can only be removed by impeachment by the U.S. Senate. You have a right to have a Magistrate Judge, in my case as a full-timer I have an eight-year term of office and can only be removed for cause. It's up to you whether you would like the matter to proceed before Judge Walker Miller or to proceed before me as a Magistrate Judge.

MR. ELDRIDGE: Your Honor, after conferring with Mr. Simmonds, I think right now we'd—as I said we've waived further reading or further advisement, tender pleas of not guilty and at this time he'd like to preserve his right to a jury trial. He may be willing to waive that in the future.

THE COURT: He has a right to a jury trial either before a district judge or a magistrate judge.

MR. ELDRIDGE: Okay.

THE COURT: I just need to find out who he would like to proceed before. And that's his call.

MR. ELDRIDGE: Your Honor, Mr. Simmonds is inquiring if he has to make the decision of magistrate or judge at this point. Today. I mean, he's now—in terms of scheduling, I think it would be easier.

THE COURT: Because I have to go back to Denver, give the file to Judge Walker Miller. He needs to set a trial

---

1. The Court has reviewed the tape cassettes made of all hearings held in this case.

date within the next couple of days. As would I, if there was a consent.

MR. ELDRIDGE: Will waive the judge, Your Honor, and try the case with you and a jury at this point.

THE COURT: Sir, is that what you want to do?

DEFENDANT: I would like time to think about it, but if you say a—

THE COURT: Well, I'll tell you what. I can—let's do this. I'll take this case to Judge Miller. I will get a trial date that works—works for both your attorney, for Judge Miller, and for me. I'll give him or get him the written form, and you can make the election. If you choose to have me hear the case, we can do that. Alright, and that will preserve that right and give you a chance to—obviously what you'd really like is to have this thing just go away.

DEFENDANT: No, really. It's just been sprung on me today.

THE COURT: I appreciate that.

The file was transferred to Judge Miller, and a trial was set for May 11, 1998.

Counsel for Defendant filed a motion for continuance of the trial date. The motion was referred by Judge Miller. A hearing was set at ADX on April 15, 1998. At that time, counsel was present with Defendant. The following conversation occurred.

THE COURT: Mr. Eldridge, we talked a little bit before your client arrived about whether he wishes to continue to have Judge Miller handle this case or whether he wishes to have this matter heard by me as a Magistrate Judge. Have you had a chance to discuss that and make a decision?

MR. ELDRIDGE: Yes, sir, I have, and I've consulted with Mr. Simmonds. And we've agreed to proceed before a United States Magistrate Judge. Both he and I have signed the consent form. May I approach.

THE COURT: Sure. Mr. Simmonds, I know we chatted a little bit last time, but let me go ahead and do that again. You have a right to have this matter constitutionally heard by a U.S. District Judge. You can by statute consent to have me

hear it, as a Magistrate Judge. Judge Miller's been nominated by the President, confirmed by the Senate, has life-time tenure, can only be removed after an impeachment trial by the United States Senate. I have a term of office of eight years, appointed by the Court, can only be removed for cause during that period of time. You have a right to consent. You have a right to have the matter heard by me. You also have a right to have the matter heard by Judge Miller. You've signed a document indicating that you wish to have me handle the case. Is that your desire, Sir?

DEFENDANT: Excuse me one second.

THE COURT: Sure. (pause) Okay, you'd like me to handle the case. Alright. Has anyone threatened you, coerced you, forced you in any way to give up your right to have a District Judge hear this case?

DEFENDANT: No.

THE COURT: Okay. Sir, do you have any questions about this?

DEFENDANT: Excuse me.

THE COURT: Do you have any questions about this?

DEFENDANT; No.

THE COURT: Alright, the Court will allow the consent.

The motion for continuance was granted, and the trial was reset for June 1, 1998.

On April 20, 1998, Defendant filed his motion to retract consent to proceed before Magistrate Judge. In the motion, Defendant alleged that he was unable to hear and was coerced or mislead by conflicting advice and statements by his attorney. He also claimed that he was under duress because of the actions of BOP employees guarding him at the hearing. Defendant sets forth in his motion, in part, as follows:

Defendant for fear of vindictiveness to use device and further malicious reprisals by guards and troubled by the representation of counsel—did not in rational mind and sound judgement agree to consent to proceed before a Magistrate Judge, but did so under duress & coercion and intimidation, and in anxiety chose to wait to file

discreet motion to set forth facts and be free from immediate harm.

Sadly, Defendant's counsel has failed (sic) to act toward his best interest, deliberately confused him by reversing identity & position of both judges once *he* discovered (counsel) such due to lack of hearing aid at initial hearing, and placed trust in counsel for adequate assistance under the law. (emphasis in original).

Defendant has requested that his consent to proceed before a United States Magistrate Judge be revoked.

## II.

Defendant is charged with two Class A misdemeanors. Both charges involve alleged violations of 18 U.S.C. § 111(a)(1).

A defendant facing a charge that would be a Class A misdemeanor or a Class B misdemeanor not involving a traffic offense has a right to a trial before a United States District Judge. That person also has the right to consent to a trial before a United States Magistrate Judge. 18 U.S.C. § 3401; Fed. R.Crim.P. 58(b)(3).

Congress has provided the following statutory right to a defendant facing a misdemeanor.

(a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.

(b) Any person charged with a misdemeanor, other than a petty offense that is a Class B misdemeanor charging a motor vehicle offense, a class C misdemeanor, or an infraction, may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such waiver shall be made in writing or orally on the record. 18 U.S.C. § 3401.

Defendant seeks to revoke his consent to proceed before a United States Magistrate Judge. The record contains both his oral consent on April 15, 1998 and his written consent executed on the same day. The question then is whether such consent may be withdrawn and upon what grounds.

The Tenth Circuit does not appear to have ruled on this exact issue. That court has upheld the constitutionality of 18 U.S.C. § 3401 and the ability of a defendant to consent to trial before a Magistrate Judge. *United States v. Dobey,* 751 F.2d 1140 (10th Cir.1985), *cert. denied,* 474 U.S. 818, 106 S.Ct. 63, 88 L.Ed.2d 52 (1985). In that case, defendants did not contest that they had voluntarily consented to have the case proceed before a Magistrate Judge. The defendants argued that the Constitution precluded such consent as a matter of law. The Tenth Circuit disagreed and held that the consent was properly allowed.

Other courts have been presented with issues similar to that raised in this case. In *United States v. Neville,* 985 F.2d 992 (9th Cir.1993), the Ninth Circuit examined an attempted revocation of consent where the defendant was alleged to have violated a supervised release order. The Ninth Circuit held that such attempted revocation was without effect, and the matter would proceed before the assigned United States Magistrate Judge. *See also, United States v. Crane,* 979 F.2d 687 (9th Cir.1992).

In *United States v. Mortensen,* 860 F.2d 948 (9th Cir.1988), *cert. denied,* 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989), the defendant attempted to withdraw prior to trial his consent to proceed before a United States Magistrate Judge. The defendant was facing alleged tax charges, and his first trial ended in a mistrial. A second trial was scheduled, and the defendant moved to withdraw his consent. The court held, in part:

The continuity of consent, however, is only a presumption. Although jurisdiction

might remain unbroken, consent can be withdrawn by the defendant if done in a timely manner. Waiver of the right to trial before an Article III judge involves important constitutional rights. (cit.omitted). Like the waiver of some other constitutional rights, it should not, once uttered, be deemed forever binding.... We believe that a party who consents to trial before a magistrate is entitled to the same chance for withdrawal.

We require only that the notice of withdrawal be timely. Timeliness is not a concept subject to precise quantification. The circumstances of each individual case determine its contours. In accord with a well-established tradition, we hold that a withdrawal motion is timely when granting the motion would not unduly interfere with or delay the proceedings.

*Id.* at 950.

There is no statutory provision for withdrawal of consent. The Ninth Circuit has held that there is no absolute right to withdraw a consent to proceed before a Magistrate Judge. *United States v. Neville, supra.* Each request must be examined on its own facts.

Although withdrawal of consent is not an absolute right, we acknowledge that there are situations in which we permit parties to withdraw consent. We have held that a party who consents to trial before a magistrate judge can withdraw that consent after mistrial and before retrial but only if the notice is timely....

In addition to timeliness, we consider other factors ruling on a motion to withdraw consent to proceed before a magistrate judge. These factors include whether granting the motion would unduly interfere with or delay the proceedings, the burdens and costs to litigants, and whether consent was voluntary and uncoerced.

*Id.* at 1000. The court went on to find that the motion was not filed timely, and allowing a defendant to "withdraw consent at will would undermine the role played by magistrate judges in our judicial system." *Id.*

In this case, Defendant's *pro se* motion discusses generalized allegations of coercion and confusion. What Defendant does not allege is that the advisement given to him by the Court on two separate occasions was incomplete. This Court referred the matter to Judge Miller on March 12, 1998 when Defendant was reluctant to consent to proceed before a United States Magistrate Judge. The Court next dealt with the matter on April 15, 1998 when the motion for a continuance was presented for resolution. Defendant again received an explanation of the difference between a United States Magistrate Judge and United States District Judge. Defendant was asked if there was any coercion being applied to him. His answer was no. He was asked if he had any questions. The answer was no. Defendant does not allege that the BOP employees forced him into any decision. He alleges only that he was advised not to misbehave during the hearing.[2] Defendant further makes allegations concerning his previous counsel, but does not indicate what advice given to him was incorrect.

Defendant has a trial date of June 1, 1998. He has made allegations against his former counsel that will require appointment of new counsel. Defendant's right to a speedy trial will be affected if revocation of consent is allowed. In addition, it would appear that Defendant is attempting to use the system to impede the trial process. Defendant had over one month to consider his options from the date of his initial advisement until the day he consented to proceed before a Magistrate Judge. Such use of the system cannot be countenanced. *United States v. Neville,* 985 F.2d at 1000; *see also, Carter v. Sea Land Services, Inc.,* 816 F.2d 1018 (5th Cir. 1987).

Defendant was advised clearly and concisely of his right to a trial before a District Judge and to consent to trial before a Magistrate Judge. Defendant did not express any reservations when questioned by the Court. The motion to revoke will delay resolution of the case on its merits. No valid basis has

**2.** Defendant alludes to a device that he alleges scared him. This device was apparently a stun belt used by BOP officers for security at ADX for inmates appearing for hearings.

been set forth in the pleadings to warrant withdrawal of the previously granted consent, made both orally and in writing.

IT IS HEREBY ORDERED that Defendant's motion to revoke consent to proceed before a United States Magistrate Judge is denied.